## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

WALTER JAMES KINARD,

                Petitioner,                Case Number: 2:15-CV-13684

v.                                 HONORABLE PAUL D. BORMAN
                                 UNITED STATES DISTRICT JUDGE

S.L. BURT,

                Respondent.

_____/

## OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION AND DENYING CERTIFICATE OF APPEALABILITY

### I.  Introduction

This is a habeas case filed under 28 U.S.C. § 2254.  Petitioner Walter James

Kinard is a state inmate currently incarcerated at the Muskegon Correctional Facility in

Muskegon, Michigan, pursuant to convictions for armed robbery and felony firearm.  But,

that conviction is not the subject of the pending petition.  Instead, the pending petition

challenges a 1984 conviction for receiving and concealing stolen property over $100.00.

The sentence for that conviction (two years probation) expired over 25 years ago.

Because Petitioner is no longer in custody pursuant to the state-court judgment challenged

in this petition, the Court lacks subject-matter jurisdiction over his claims.

### II.  Background

Petitioner pleaded guilty in Recorder's Court for the County of Wayne (now

Wayne County Circuit Court) to receiving and concealing stolen property over $100.00,

Mich. Comp. Laws § 750.535.  On September 5, 1984, he was sentenced to two years

probation.  On October 24, 1985, Petitioner pleaded guilty to violating his probation.  *See*

6/10/14 Opinion, *People v. Kinard,* No. 84-04395 (ECF No. 1-1, Pg. ID 53).  The trial

court did not impose any penalties for the violation and continued Petitioner's term of

probation.  *Id.* at Pg. ID 54.  Petitioner was discharged from probation on August 6, 1986.

*Id.*

It appears that Petitioner did not appeal his conviction to the Michigan Court of

Appeals or Michigan Supreme Court.  Petitioner claims that a notice of appeal was filed

in the Michigan Court of Appeals, but the document he attaches in support of that claim is

a state court notice informing Petitioner of his right to appeal, not a notice of appeal.

*See* Notice By Court to Defendant as Right of Appeal, 9/5/84 (ECF No. 1-1, Pg. ID 37).

Petitioner filed a motion for relief from judgment in the trial court on November 4,

2013.  The trial court denied the motion.  *See* 6/10/14 Opinion, *People v. Kinard,* No. 84-

04395 (ECF No. 1-1, Pg. ID 53).  Petitioner filed a delayed application for leave to appeal

in the Michigan Court of Appeals.  The Michigan Court of Appeals denied leave to

appeal.  *People v. Kinard,* No. 323214 (Mich. Ct. App. Oct. 1, 2014).  The Michigan

Supreme Court denied Petitioner's application for leave to appeal on June 30, 2015.

*People v. Kinard,* 498 Mich. 852 (Mich. June 30, 2015).

Petitioner then filed this habeas petition.  He raises claims that the trial court failed

to appoint counsel during his probation violation hearing and that he did not voluntarily

waive his right to counsel.

### III.  Standard

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254 cases.  If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error."  *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations omitted).  "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief."  *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted).  *See also Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) ("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

### IV.  Discussion

The pending habeas petition will be dismissed under Rule 4, because Petitioner fails to satisfy 28 U.S.C. § 2254's "in custody" requirement.  For a federal court to have jurisdiction over a petition for a writ of habeas corpus under § 2254, the petitioner "must be 'in custody' under the conviction or sentence under attack at the time his petition is

filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968)). The custody requirement preserves the extraordinary nature of habeas corpus relief which historically "has been limited to cases of special urgency" involving "severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Courts determine whether a person is "in custody" at the time the petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Petitioner's sentence for his receiving and concealing stolen property conviction expired in 1986, when he was discharged from probation. He, therefore, is no longer in custody for that expired conviction, and the petition is subject to dismissal on that basis.

Alternatively, a petitioner may indirectly challenge an expired conviction by challenging a sentence for which he is currently in custody, as enhanced by an allegedly invalid prior conviction. *Lackawanna County District Attorney v. Coss, Jr.*, 532 U.S. 394, 401-02 (2001) (citing *Maleng*, 490 U.S. at 493). Petitioner's present incarceration is based upon 1987 convictions for armed robbery and felony firearm. Those convictions are the subject of a habeas petition currently pending in this Court before the Honorable Laurie J. Michelson. *See Kinard v. Burt*, No. 2:15-cv-12137. Thus, to the extent that the pending petition could be construed as a challenge to Petitioner's current sentences, it is duplicative of a pending petition. A district court may dismiss a habeas petition when it is duplicative of a pending habeas petition and the Court does so here. *See Davis v. U.S. Parole Commission*, No. 88-5905, 1989 WL 25837, at *1 (6th Cir. March 7, 1989) (holding that district court properly dismissed habeas petition that was "essentially the

4

same" as an earlier-filed, pending petition).

## V.  Certificate of Appealability

For the reasons set forth above, the Court is dismissing the petition for a writ of habeas corpus.  Before Petitioner may appeal this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  The Court finds that "jurists of reason": would not debate its conclusion that Petitioner fails to satisfy the "in custody" requirement or its conclusion that, to the extent the petition challenges Petitioner's current sentence as enhanced by the earlier conviction, it is duplicative of another currently-pending petition.  The Court therefore denies Petitioner a certificate of appealability.

**VI. Conclusion**

For the foregoing reasons, IT IS ORDERED that the petition for writ of habeas corpus is DISMISSED.

It is further ORDERED that a certificate of appealability is DENIED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 9, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 9, 2015.


s/Deborah Tofil
Case Manager

6