UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER JAMES KINARD,

        Petitioner,               Case Number: 2:15-CV-13684

v.                                         HONORABLE PAUL D. BORMAN
                                                     UNITED STATES DISTRICT JUDGE

S.L. BURT,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S
## MOTION FOR REHEARING AND MOTION TO AMEND

Petitioner Walter James Kinard filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition challenged Petitioner's 1984 conviction for receiving and concealing stolen property over $100.00. The Court dismissed the petition because Petitioner is no longer in custody pursuant to the state-court judgment challenged in the petition. (ECF No. 6, Opinion and Order Dismissing Habeas Corpus Petition.) The Court also held, in the alternative, that, to the extent the petition challenged Petitioner's 1987 convictions for armed robbery and felony firearm as enhanced by the expired 1984 conviction, the petition was duplicative of a presently-pending habeas corpus petition. Now before the Court are Petitioner's Motion for Rehearing and Motion to Amend.

Motions for rehearing may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R.

7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Petitioner's Motion for Rehearing challenges the Court's finding that, if the petition challenges Petitioner's 1987 conviction as improperly enhanced by the 1984 conviction, the petition is duplicative of a petition pending before the Honorable Laurie J. Michelson. *See Kinard v. Burt*, No. 2:15-cv-12137. Petitioner argues that this petition is not duplicative because the habeas petition pending before Judge Michelson challenges Petitioner's 1987 sentence on the ground that it was improperly enhanced by a murder conviction and does not raise any claim related to the 1984 conviction. Petitioner's argument fails for two reasons.

First, both petitions concern the allegedly improper enhancement of Petitioner's sentence for the same armed robbery conviction and the claim raised in this petition could have been raised in the earlier-filed petition. Title 28 U.S.C. § 2244(b) restricts a habeas petitioner's ability to file multiple petitions challenging the same judgment of conviction. A habeas petitioner may not present claims in a successive petition that were not presented in a previous petition unless the claim relies on a new rule of constitutional law made retroactive to cases on collateral review or the factual predicates for the claim could not have been previously discovered. 28 U.S.C. § 2244(b)(2)(A)-(B). Petitioner does not argue that his claim is based upon a new rule of constitutional law and the claim raised in the petition should have been known to Petitioner at the time the previous petition was

filed.

Second, even if the present petition is not duplicative of the petition pending before Judge Michelson, it is successive to a petition filed in 2008.  The 2008 petition also challenged Petitioner's armed robbery and felony-firearm convictions.  The petition was denied with prejudice.  See 8/5/10 Order, *Kinard v. Booker,* No. 2:08-cv-14992, ECF No. 22 (Cohn, J.).  Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Where, as here, a petitioner has not obtained the required authorization to file a successive petition, the Court ordinarily would transfer the petition to the Sixth Circuit Court of Appeals.  However, in this case, transfer is unnecessary because Petitioner already has filed a notice of appeal which remains pending in the Court of Appeals.

Accordingly, the Court DENIES Petitioner's Motion for Rehearing (ECF No. 8). The Court further DENIES as moot Petitioner's Motion to Amend Writ of Habeas Corpus (ECF No. 11).

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: January 11, 2016

3

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 11, 2016.

                                            s/Deborah Tofil
                                            Case Manager